IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 13-CR-10181-JTM-01
                                                  Case No. 16-CV-01234-JTM

MICHAEL R. HORN,

    Defendant.

**MEMORANDUM AND ORDER**

Before the court is defendant Michael Horn's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Dkt. 26). He argues that his prior Kansas aggravated battery conviction no longer qualifies as a federal crime of violence after *Johnson v. United States*, 135 S.Ct. 2551 (2015), thus the enhancement of his base offense level under U.S.S.G. § 2K2.1 was unconstitutional. The government counters that the Tenth Circuit's decision in *United States v. Treto-Martinez*, 421 F.3d 1156 (10th Cir. 2005), controls and mandates denying the requested relief. For the reasons stated below, the court denies defendant's motion.

**I.  Factual Background**

On February 18, 2014, a jury found defendant guilty of one count of possessing a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) and one count of possessing ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1). On April 14, 2014, the sentencing court adopted the Presentence Investigation Report (PSR) and determined the base offense level was 20 after treating defendant's prior Kansas aggravated battery as a felony crime of violence. Because the firearm was stolen, two points were added to the offense level, making

1

the total offense level 22. With a criminal score of 7, defendant's guideline range was 63 to 78 months. The court sentenced defendant to 68 months in prison and three years of supervised release. Defendant did not seek a direct appeal of his conviction or sentence.

## II.     Analysis

As an initial matter, the government maintains that *Johnson* should not apply retroactively to the Guideline. But it argues it's unnecessary for the court to make this determination, because the Tenth Circuit has already rejected defendant's underlying argument that a conviction for aggravated burglary under Kan. Stat. Ann. § 21-3414(a)(1)(C) (2003) does not constitute a felony crime of violence. *Treto-Martinez,* 421 F.3d at 1158-60. Because appeal of the underlying argument is likely, the court sees no reason to render a piecemeal decision. And because the government offers no new arguments, the court declines to depart from its previous conclusion that the *Johnson* rule retroactively applies to Guideline cases on collateral review. *See United States v. Aldershof*, Case No. 07-10034-01-JTM, 2016 WL 7210717 (D. Kan. Dec. 13, 2016) (adopting analysis in *United States v. Daugherty*, Case No. 07-87, 2016 WL 4442801 (N.D. Okla. Aug. 22, 2016)).

As to the underlying issue, in *Treto-Martinez*, the Tenth Circuit analyzed the same version of the Kansas statute at issue in this case and concluded that it constituted a crime of violence with the following analysis:

> Under Kan. Stat. Ann. § 21-3414(a)(1)(C) aggravated battery occurs when a person intentionally causes physical contact with another either with a deadly weapon in "a rude, insulting or angry manner" or "in any manner whereby great bodily harm, disfigurement or death can be inflicted." § 21–3414(a)(1)(C). In order to apply a sentencing enhancement under § 2L1.2(b)(1)(A), a court must find that an offense includes as an element the "use, attempted use, or threatened use of physical force." Concerning the first disjunct of this statute which proscribes contact with a deadly weapon, Kansas courts have defined " 'deadly weapon,' in the context of aggravated battery, as an instrument which, from the manner in which it is used, is calculated or likely to produce death or serious

> bodily injury." *State v. Whittington*, 260 Kan. 873, 926 P.2d 237, 241 (1996) (quotation omitted). First, we conclude that physical force is involved when a person intentionally causes physical contact with another person with a deadly weapon. Although not all physical contact performed in a rude, insulting or angry manner would rise to the level of physical force, we conclude that all intentional physical contact with a deadly weapon done in a rude, insulting or angry manner does constitute physical force under § 2L1.2(b)(1)(A). Thus, a person who intentionally touches another with a deadly weapon in a "rude, insulting or angry manner," uses physical force by means of an instrument calculated or likely to produce bodily injury which goes well beyond other, less violent, forms of touching such as grabbing a police officer's arm. Second, we conclude that a person who touches a police officer with a deadly weapon in "a rude, insulting or angry manner," has at the very least "threatened use of physical force" for purposes of § 2L1.2(b)(1)(A). Even if the physical contact does not produce bodily injury, the manner in which the physical contact with a deadly weapon must occur to violate the Kansas statute clearly has as an element the "threatened use of physical force." Causing physical contact with a deadly weapon in "a rude, insulting or angry manner," if not sufficient in itself to constitute actual use of physical force under § 2L1.2(b)(1)(A), could always lead to more substantial and violent contact, and thus it would always include as an element the "threatened use of physical force." Physical contact with a deadly weapon under this statute will always constitute either actual or threatened use of physical force.
>
> As to the other disjunct under § 21–3414(a)(1)(C) – "physical contact ... whereby great bodily harm, disfigurement or death can be inflicted," – it is clear that a violation of this provision is also sufficient to satisfy § 2L1.2(b)(1)(A)'s meaning for "physical force." No matter what the instrumentality of the contact, if the statute is violated by contact that can inflict great bodily harm, disfigurement or death, it seems clear that, at the very least, the statute contains as an element the "threatened use of physical force."

*Treto-Martinez*, 421 F.3d at 1159-60.

Defendant urges this court to ignore *Treto-Martinez* because the Tenth Circuit allegedly employed the wrong analysis by focusing on the likely result in an ordinary case, rather than focusing on the means used to commit the crime. Dkt. 26 at 15. Defendant suggests that the Tenth Circuit has abandoned *Treto-Martinez* and has adopted a stricter elements test as posited in *United States v. Perez-Vargas,* 414 F.3d 1282 (10th Cir. 2005) and *United States v. Zuniga-Soto*, 527 F.3d 1110 (10th Cir. 2008). These exact arguments were raised and rejected in *United States v. McMahan*, Case No. 12-20120-01-JWL, 2016 WL 6083710 (D. Kan. Oct. 17, 2016). This

3

court agrees with Judge Lungstrum that: 1) *Zuniga-Soto* and *Perez-Vargas* are both distinguishable from *Treto-Martinez*, and 2) the Circuit has not clearly repudiated *Treto-Martinez*.

Likewise, the court finds defendant's reliance upon this court's decision in *United States v. Flores*, Case No. 15-10089-JTM-01 (D. Kan. August 23, 2016) (order sustaining defendant's objection to proposed enhancement pursuant to U.S.S.G. § 2K2.1(a)(4)(A)), misplaced. In *Flores*, the court examined a prior Kansas conviction for conspiracy to commit aggravated battery under Kan. Stat. Ann. § 21-5413(b)(1)(A) (2013), which is the equivalent of Kan. Stat. Ann. § 21-3414(a)(1)(A) (2003). That subsection requires "intentionally causing great bodily harm to another person or disfigurement of another person" and fails to mention physical contact or force. The conviction at issue here and in *Treto-Martinez* was under a different subsection, Kan. Stat. Ann. § 21-3414(a)(1)(C), which required "intentionally causing physical contact" coupled with a deadly weapon or in a manner capable of causing great bodily harm. Physical contact necessarily requires, at a minimum, the use or threatened use of physical force.

The court declines defendant's invitation to reverse the Tenth Circuit's decision in *Treto-Martinez*. Although there is a split in circuit authority, this court is bound by Tenth Circuit precedent. *See Larin-Ulloa v. Gonzales*, 462 F.3d 456 (5th Cir. 2006). The court concludes defendant's conviction for aggravated battery under Kan. Stat. Ann. § 21-3414(a)(1)(C) constitutes a "felony crime of violence" under USSG § 4B1.2 and that the enhancement pursuant to § 2K2.1 still applies to Mr. Horn. Accordingly, the court denies defendant's motion to vacate his sentence.

**III.     Certificate of Appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (*quoting Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).

The court finds the issues presented debatable among reasonable jurists. The court therefore grants a certificate of appealability as to its ruling on this motion.

**IT IS THEREFORE ORDERED** this 10th day of February, 2017, that defendant's motion to vacate (Dkt. 26) is **DENIED**.

s/   J. Thomas Marten
Chief United States District Judge